UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TANGI,<br><br>           Petitioner,<br><br>   v.<br><br>JOHN F. SALAZAR, Warden,<br><br>           Respondent. | Case No. ED CV 09-1645-JFW (CT)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the court has reviewed the petition, all the records and files herein, the report and recommendation of the United States Magistrate Judge, and petitioner's objections to the report and recommendation.

    In his objections, petitioner contends, among other things, that the magistrate judge erred in relying on petitioner's refusal to admit his role in his crime as evidence supporting the state courts' decisions. Citing California Penal Code section 5011,[1] petitioner

---

[1] Section 5011, in pertinent part, states: "The Board of Prison Terms shall not require, when setting parole dates, an admission of guilt to any crime for which an inmate was committed." Cal. Penal Code § 5011(b).

1  asserts that California law prohibits consideration of his refusal to
2  accept responsibility. (Objections at 10).
3      This assertion lacks merit for two reasons.  First, as indicated
4  in the magistrate judge's report and recommendation, there was
5  additional evidence in the record to support the state courts'
6  decision to uphold the denial of parole.  (Report and Recommendation
7  at 7-8 (citing seriousness of petitioner's crime and petitioner's
8  post-incarceration criminal act as "some evidence" supporting the
9  Board's decision)).
10     Second, California courts have made clear that consideration of
11 a prisoner's refusal to accept responsibility for the prisoner's crime
12 is not incompatible with California Penal Code section 5011.  See In
13 re Lazor, 172 Cal. App. 4th 1185, 1202 n.13 (2009) ("Consideration of
14 whether an inmate accepts responsibility for commitment offense does
15 not conflict with [Penal Code] section 5011, subdivision (b)").
16 Indeed, "[a]n inmate's lack of insight into, or minimizing of
17 responsibility for, previous criminality, despite professing some
18 responsibility, is a relevant consideration." Id. at 1202; see also
19 Cal. Code Regs., tit. 15, § 2402, subd. (b) ("All relevant, reliable
20 information available to the panel," including the prisoner's "past
21 and present attitude toward the crime," "shall be considered in
22 determining suitability for parole").  Accordingly, consideration of
23 petitioner's refusal to accept responsibility was a valid
24 consideration and, moreover, constituted "some evidence" upon which to
25 ///
26 ///
27 ///
28 ///

1  deny him parole.  The court, therefore, concurs with and adopts the
2  findings, conclusions, and recommendations of the magistrate judge.
3       IT IS ORDERED that judgment be entered denying the petition for
4  writ of habeas corpus and dismissing this action with prejudice.

6  DATED:  <u>December 15, 2009</u>

                                    _____
                                           JOHN F. WALTER
                                    UNITED STATES DISTRICT JUDGE